### JOHN MILSAP v. THE STATE.

No. 10338.   Delivered October 27, 1926.

**Possession of Mash — Evidence — Impeaching Witness — Erroneously Excluded.**

Where, on a trial for possession of mash, for the purpose of manufacturing intoxicating liquor, after laying a proper predicate to impeach the main prosecuting witness, it was error for the court to reject the proffered proof on the predicate laid. "It is error to refuse to permit defendant to impeach a state witness by proof of contradictory statements, when the testimony so sought is in respect to a matter of importance." See Branch's Ann. P. C., Sec. 173, and cases there cited.

Appeal from the District Court of Hopkins County. Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction for possessing mash for the purpose of manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Ramey & Davidson* of Sulphur Springs, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District

Court of Hopkins County for the unlawful possession of mash, and his punishment assessed at one year in the penitentiary.

The record discloses that on or about December 26, 1925, the sheriff, Sam Smith, and his deputies searched the residence of appellant and found in one of the bedrooms a barrel of mash. The appellant defended upon the ground, and offered evidence to that effect, that he knew nothing about the mash being in his residence; that a few days prior to the time of the search he and his family had gone to spend the holidays with his wife's father, and at that time there was no barrel of mash on the premises; that they left an employe by the name of Rufus Ray in charge of the house during their absence, and that they had just returned to their home about noon of the day when the officers located the mash that night. Rufus Ray was introduced as a witness in behalf of the state, in rebuttal of the appellant's testimony, and testified that he and appellant were in a partnership relative to said mash, and that the appellant had placed the barrel where it was found and put the mash in it under an agreement and understanding that they would cook it off into whiskey when it was ready and divide the proceeds; and that the appellant instructed him to stay on the premises during his (appellant's) visiting and to watch the mash carefully and let nobody know anything about it.

After the state had offered said evidence, the appellant laid a predicate for the impeachment of the witness, Ray, and asked him on cross-examination if he had not stated on Christmas Eve, in a conversation with Otho Coyle, that he, the witness, had put up some mash at the home of the appellant, and that he had been unable to get a still with which to run it off; and that he had to move said mash and get rid of it before the appellant returned home; that the appellant did not know anything about the mash being at his house, and was not connected with it or interested in same in any manner. The witness, Ray, denied having made such a statement. Then the appellant tendered as a witness, Otho Coyle and offered to prove by him that Ray had made said statements to him, and upon objection by the state the court refused to permit the witness, Coyle, to so testify. The appellant brings forward this complaint in bill of exception No. 1 and contends that same was reversible error. The attorneys for this court have conceded that this was error. In Branch's Ann. P. C., Sec. 173, it is stated: "It is error to refuse to permit defendant to impeach a state witness by proof of contradictory statements when the testimony so sought is in respect

to a matter of importance," citing Dencarner v. State, 58 Tex. Crim. Rep. 629, 127 S. W. 203; also see Treadway v. State, 144 S. W. 663; Bolden v. State, 178 S. W. 536. The evidence of the said Coyle was bearing on the main defense relied upon by the appellant, and we think the court was clearly in error in refusing to permit this testimony.

The appellant objected and excepted to the eleventh paragraph of the court's charge because, he contends, said charge placed the burden of proof upon him to prove his innocence; and in this connection presented his special charge No. 7, which was refused by the court. This matter may not arise in this shape upon another trial, but if it does, the charge should be framed so as to overcome this criticism.

For the errors above discussed, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.